IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JONATHAN BRUCE REED, § | |
|       Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-12-286 |
| § | |
| RICK THALER, § | |
| Director, TDCJ-CID, § | |
|       Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se,* petitioner sent a letter to the Court on August 27, 2012, which has been construed as a request for habeas corpus relief pursuant to 28 U.S.C. § 2241 (D.E. 1). Petitioner is serving a life sentence on a 2011 Dallas County conviction for capital murder. Should petitioner ever be released from state custody, he will be subject to further detention on a federal detainer. Petitioner seeks to have the detainer removed. Respondent filed a motion to dismiss on December 10, 2012 to which petitioner responded on January 4, 2013 (D.E. 15, 17). For the reasons discussed below, it is recommended that petitioner's application for habeas corpus relief be denied.

## JURISDICTION

Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. § 2241(d), because Petitioner is challenging a detainer and the possibility of future confinement, and currently is incarcerated in Bee County, Texas, which is in the Corpus Christi Division of

the Southern District of Texas.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-489, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973).

## BACKGROUND

On October 16, 1970, Petitioner pleaded guilty and was convicted of violating 18 U.S.C. § 2312, which prohibits interstate transportation of a stolen motor vehicle.  He was sentenced to a four-year term of incarceration (Presentence Report, D.E. 15-1 at 1).  He began serving the federal sentence on December 31, 1975, following his release from state custody on another conviction (Sentence Computation, D.E. 15-2 at 1).  His four-year term was set to expire on December 30, 1979 (Id.).  On February 22, 1978 Petitioner was released on Parole.  At that point he had 676 days remaining on his federal sentence (Certificate of Parole, D.E. 15-3).

In 1978 petitioner committed a series of felonies--burglary of a habitation, aggravated assault, aggravated robbery, and aggravated rape--for which he was arrested, convicted and sentenced to two to twenty years in state court (Judgments, D.E. 15-5 at 1-4).  Petitioner also was arrested, tried, and found guilty of capital murder for an offense which occurred on November 1, 1978.  He was sentenced on March 26, 1979 to death by lethal injection (Letter of Nov. 29, 1979, D.E. 15-4 at 2).  The capital murder conviction has been the subject of numerous appeals and collateral attacks.  Petitioner was tried and convicted for the third time on the capital murder charge in 2011 and on October 6, 2011 was sentenced to life in prison (Jmt., Ex. A to Aff of Charley Valdez, D.E. 16-1 at 5).

In 1978 and 1979 the United States Parole Commission sought and was granted original and supplemental warrants for Petitioner's arrest for violations of the terms of his parole, based on the commission of the state court felonies (D.E. 15-4, 15-6, 15-8). The United States Marshals Service lodged a detainer against Petitioner which has been in place since that time (Detainer, D.E. 15-7; Dispositional Reviews, D.E. 15-9).

Petitioner argues that he should not be subject to the detainer because (1) it is an effort by the State to impede his progress and keep him confined; (2) it is very old and relatively meaningless, given the fact that he has spent years in prison and will probably never be released from custody; (3) the time he spent in the Dallas County Jail should be credited toward his federal sentence because the jail is sanctioned as a holding facility for federal inmates and (4) because he has been in prison continuously since December 16, 1978, the time he has served is sufficient for any crime he committed. Petitioner further argues that the detainer keeps him from being housed in the prison dormitory and that he cannot take classes because of the detainer.

In his motion to dismiss, Respondent argues that the Parole Commission is not required to execute its detainer until petitioner has been released from state custody, and that petitioner cannot make out a due process claim regarding the delay in executing the warrant because he cannot show prejudice. In his response to the motion to dismiss, petitioner reiterated his earlier arguments about the removal of the detainer.

**DISCUSSION**

In Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court held that a parole violator warrant lodged as a detainer has no present or inevitable effect upon a petitioner's liberty interest. Issuance of the warrant and detainer does no more than express the Parole Commission's intent to defer consideration of parole revocation until a later time. Id., 429 U.S. at 86, 97 S.Ct. at 278. Issuance of the warrant is not a determination that a petitioner's federal parole will be revoked; that determination will not be made unless his state court conviction is overturned or he is released on parole. Id. Even if parole is revoked, the Parole Commission has the power to grant, retroactively, the equivalent of concurrent sentences to provide for unconditional or conditional release upon completion of the subsequent sentence. Id., 429 U.S. at 87, 97 S.Ct. at 280. See also Morrison v. Johnson, 106 F.3d 127, 130 (5th Cir. 1997)(while a parole violator warrant must be issued within the maximum term of the sentence, it need not be executed during this period)(citing Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974)). Accordingly, petitioner's constitutional rights are not violated by the lodging of the detainer.

Nor does petitioner's assertion that the detainer keeps him from being housed in a dormitory raise a constitutional issue. A prisoner does not have a protected liberty interest in his housing assignment. See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451(1976)(given a valid conviction, state may confine prisoner and subject him to the rules of its prison system so long as the conditions of confinement do not

otherwise violate the Constitution) and Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000)(due process clause does not endow a prisoner with a protected liberty interest in the location of his confinement).  While both of these cases deal with the facility in which a prisoner is housed rather than a housing assignment within a facility, it stands to reason that if a prisoner does not have a liberty interest in choosing the prison in which he is housed, he does not have a liberty interest in choosing his particular housing arrangement.  See also Hall v. Morehouse Parish Detention Center, No. 09-1476, 2009 WL 3762084 (W.D. Louisiana 2009)(prisoner's bunk assignment did not implicate liberty interest).

     Petitioner also complains that the detainer keeps him from participating in classes offered by the prison, but again, he has failed to describe the loss of a liberty interest guaranteed by the Constitution.  A state has no constitutional obligation to provide basic educational or vocational training to prisoners.  Beck v. Lynaugh, 842 F.2d 759 (5th Cir. 1988).[1]  To the extent he is arguing that access to educational opportunities increases the chance he will be released on parole, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests."  Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

---

[1] In his response to the motion to dismiss, petitioner states that when he asked about taking classes he was told "at your age you are not a priority." (D.E. 18 at 1).  Whether he is not allowed to take classes because of his age or because of the detainer is immaterial, because he has no constitutional right to an education while in prison.

## **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that respondent's motion to dismiss (D.E. 15) be granted and petitioner's application for habeas corpus relief be denied.

Respectfully recommended this 5th day of February, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).