UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN BRUCE REED | § | |
| | § | |
|     Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-286 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion to Dismiss (D.E. 15). On February 5, 2013, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 19), recommending that Respondent's Motion to Dismiss be granted because Petitioner has not demonstrated a protected liberty interest that is infringed by the federal detainer that is being held until Petitioner is released from his current confinement. Petitioner timely filed his Objections (D.E. 23) on March 18, 2013, after obtaining an extension of time in which to do so.

First, Petitioner objects, citing *Cleveland v. Ciccone*, 517 F.2d 1082, 1088 (8th Cir. 1975), that the detainer can subject him to "invidiously discriminatory treatment." According to his argument, this treatment undermines the applicability or reasoning of *Moody v. Daggett*, 429 U.S. 78 (1976) which held that the deprivations of serving time under the cloud of a federal detainer were insufficient to trigger any constitutionally protected interests. In particular, Petitioner objects that the use of the federal detainer to deny him benefits bestowed by the state for good behavior acts as a constraint upon his ultimate liberty, keeps him from better housing assignments, and denies him the privilege

of participating in rehabilitative programs, citing *Gay v. United States Board of Parole*, 394 F.Supp. 1374, 1377 (E.D. Va. 1975).

The Fifth Circuit has disposed of these arguments in *Cook v. United States Attorney General*, 488 F.2d 667, 673 (5th Cir. 1974).

> Appellee also contends that he was prejudiced during the term of his intervening sentence in that the presence of an unexecuted parole violators warrant serving as a detainer results in the deprivation of certain prison privileges such as trustee status and various educational opportunities. We are unable to conclude on this record that the extent of such deprivation is so great or so unreasonably related to the very existence of a detainer—based as it is in this case on a serious and incontestable parole violation—as to require that the revocation hearing be held at the commencement of the intervening sentence.

*Cook,* at 673.  Likewise:

> We do not close our eyes to the fact that Appellee may have been disadvantaged in certain respects by the deferral of the revocation hearing but we are unable to conclude that the disadvantage constitutes such a grievous loss—in due process terminology—as to require the hearing be held prior to service of the intervening sentence or to permit the intrusion by a Court into this highly discretionary activity.

*Id*.  In so holding, the Fifth Circuit expressly disagreed with other courts that have found a due process right to a hearing before the expiration of the intervening sentence. *Id*. This Court is bound by the Fifth Circuit's decision.  Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects that the federal detainer precludes him from having his state and federal sentences run concurrently—a deprivation of rights that is not remedied by the parole board's retroactive discretion.  Petitioner does not provide any authority for

his suggestion that he has a right to the concurrent running of state and federal sentences. Instead, for this proposition, he cites *Bradford v. Weinstein*, 519 F.2d 728 (4th Cir. 1974)—an opinion that does not support his contention and which was vacated upon appeal. *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347 (1975). Petitioner also cites *Green v. Woodring*, 694 F.Supp. 2d 1115 (C.D. Cal. 2010) which is equally unsupportive of his objection. Petitioner's second objection is **OVERRULED**.

Third, Petitioner objects that his letter that initiated this action (D.E. 1) was simply a request for the appointment of an attorney and that he did not (yet) request additional *habeas corpus* relief. He claims that the premature consideration of any request to remove the federal detainer has prejudiced him because his position has not been adequately presented and the delay in appointing him an attorney gives him less time to prepare to actually challenge the federal detainer.

The Supreme Court of the United States has held that a prisoner has no constitutional right to appointed counsel in *habeas corpus* cases that are collateral to the conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987). Neither is there a general right to counsel in civil rights actions. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). An attorney may be appointed, in the District Court's discretion, if exceptional circumstances exist or in the interests of justice. 18 U.S.C. 3006A(a)(2); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). *See also McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).

As the Magistrate Judge concluded (D.E. 6) on September 18, 2012, this case is not complex and the interests of justice do not require appointment of counsel. While

Petitioner has since remedied some of the defects identified by the Magistrate Judge in Petitioner's request for court-appointed counsel (by paying the five-dollar filing fee for a *habeas corpus* action and submitting his trust fund account statement (D.E. 11)), Petitioner has failed to support his need for court-appointed counsel based on the types of claims presented.

Given that Petitioner's request for a court-appointed attorney was expressly related to his desire to "get an old detainer lifted," get credit for time served, get credit for time spent out on parole, and take advantage of educational opportunities and programs that could help him make parole (D.E. 1), his request was properly construed as an application for *habeas corpus*. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Petitioner's third objection is **OVERRULED**.

Fourth, Petitioner objects that leaving the federal detainer in place is nothing more than an effort to make the Petitioner "do as much time as possible" when the time he has already served is sufficient to redress all of his crimes. This complaint speculates on motives, which are irrelevant, and expresses Petitioner's own opinion as to the adequacy of his sentence. Neither issue presents a matter for this Court's determination. The fourth objection is **OVERRULED**.

Fifth, Petitioner objects that the Respondent's recitation in his Motion to Dismiss of details of Petitioner's offenses committed as a juvenile was unduly prejudicial. This Court adjudicates the issues before it according to the law and relevant facts. The concept of prejudicial facts is one more appropriately addressed to matters brought in front of a jury at trial. Petitioner's fifth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion to Dismiss (D.E. 15) is **GRANTED** and this action is **DISMISSED**.

ORDERED this 13th day of June, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE